IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH JAMES PRICE, # 20549-424,

    Petitioner,

vs.                                        Case No. 13-cv-809-DRH

JAMES N. CROSS,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his seven-year mandatory minimum sentence for "brandishing" a firearm during a bank robbery. The petition was filed on August 7, 2013.

    Petitioner was convicted of three offenses, and sentence was imposed on June 11, 2002 (Doc. 1, pp. 11-12). *United States v. Price*, Case No. 01-cr-771 (N.D. Ill.). He was ordered to serve 262 months for armed bank robbery, concurrent with a 120-month sentence for being a felon in possession of a firearm. He was also given a seven-year sentence to be served consecutively to the other sentences, for using a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

On May 16, 2003, the convictions and sentences were affirmed on appeal. *United States v. Price*, 328 F.3d 958 (7th Cir. 2003).  Thereafter, petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, without success (Doc. 1, pp. 8-9). *United States v. Price*, Case No. 04-cv-5415 (N.D. Ill.).  In that motion, he raised the identical issue he now raises herein – that neither the indictment nor his jury instructions charged that he "brandished" the firearm during the robbery, stating only that he "used" it.  Under 18 U.S.C. § 924(c)(1)(A)(i), "use" of a firearm carries a penalty of only five years, but the mandatory minimum is increased to seven years under § 924(c)(1)(A)(ii) if that firearm is "brandished."  The trial court rejected petitioner's argument under then-controlling Seventh Circuit precedent and pattern jury instructions, which held that "use" included the act of "brandishing" a firearm (Doc. 1, p. 9).

Petitioner now argues herein that because the Supreme Court recently overruled its prior precedent with regard to the interpretation of § 924(c)(1)(A), he is "actually innocent" of the crime of "brandishing" a firearm.  He should thus be entitled to have his seven-year sentence vacated, so that he may be re-sentenced subject to the five-year minimum only. *See Alleyne v. United States*, 133 S. Ct. 2151 (2013).  In *Alleyne*, the Court held that under the Sixth Amendment and pursuant to its earlier decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), any factor that increases the penalty for a crime (whether it increases the statutory maximum or minimum) must be submitted to the jury and found beyond a reasonable doubt.  Accordingly, the Court overruled *Harris v. United*

*States*, 536 U.S. 545 (2002), which had allowed a finding of fact by a judge to increase a mandatory minimum sentence. *Alleyne* was a direct appeal which specifically challenged a seven-year sentence for "brandishing" a firearm under § 924(c)(1)(A), when the "brandishing" factor was found by the trial judge. Petitioner argues that the *Alleyne* ruling should apply equally to his challenge brought under § 2241.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.

**IT IS SO ORDERED.**

**DATED: August 28, 2013**

Digitally signed by
David R. Herndon
Date: 2013.08.28
11:39:15 -05'00'

**Chief Judge**
**United States District Judge**