IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNETH JAMES PRICE,**         )
                                 )
        **Petitioner,**    )
                                 )
vs.                              )   Civil No.  13-cv-809-CJP[1]
                                 )
**JAMES N. CROSS,**              )
                                 )
        **Respondent.**    )

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Kenneth James Price filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1). A jury in the Northern District of Illinois convicted him of bank robbery, use of a firearm in a crime of violence and being a felon in possession of a firearm. In June, 2002, he was sentenced to 262 months imprisonment on the bank robbery charge and 120 months imprisonment on the felon in possession of a firearm charge, to be served concurrently. In addition, he was sentenced to seven years on the use of a firearm charge, pursuant to 18 U.S.C. 924(c)(1)(A)(ii), to be served consecutively.

Relying on ***Alleyne v. United States*, 133 S.Ct. 2151 (2013)**, Price argues that the seven year sentence was improper because he was sentenced under §924(c)(1)(A)(ii), but the jury did not find him guilty of brandishing a firearm. Respondent argues that the petition must be dismissed because ***Alleyne*** does not

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 12.

1

apply retroactively.

## Relevant Facts

On direct appeal, the Seventh Circuit Court of Appeals summarized the facts giving rise to Price's convictions as follows:

> You just know there's going to be a whole lot of trouble when a man, wearing a ski mask over his face, enters a bank on a hot August afternoon. And there was plenty of trouble back in August 2001 when a man behind a ski mask pointed a gun at Siamphay Mounivong, a teller at the Elgin State Bank in Elgin, Illinois, and said, "I need money." Mounivong opened her teller drawer and complied with what seemed pretty clearly to be an order. The robber was not satisfied and said, "I need more money," a request with which Mounivong also wisely complied, giving the robber a total of $8,300, $500 of which was bait money.

**U.S. v. Price, 328 F.3d 958, 959 (7th Cir. 2003).**

Price filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in the Northern District of Illinois. Among other claims, he argued that his sentence on the use of firearm conviction was improper because he was sentenced to seven years for brandishing a firearm during the robbery, but the indictment only charged him with using and carrying. Doc. 1, Ex. A.

There is no indication in the record that Price sought leave to file a second or successive §2255 motion pursuant to 28 U.S.C. §2255(h).

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, **Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998).**

2

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him.  Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003)**.  The statute limits a prisoner to one challenge of his conviction and sentence under §2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir.2002)**.  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." **In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)**

The Seventh Circuit has explained that, in order to fit within the savings clause following ***Davenport,*** a petitioner must meet three conditions. First, he must show that he relies on a statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. ***Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).** See also, ***Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).**

## Analysis

It is clear that Price's petition does not fit within the savings clause of §2255(e) and must be dismissed.

Respondent argues that petitioner must show that the case upon which he relies has been made retroactive by the Supreme Court. That is, literally, what ***Davenport*** said. ***Davenport*, 147 F.3d at 611.** However, the Seventh Circuit has backed away from that statement somewhat. In ***U.S. v. Prevatte*, 300 F.3d 792 (7th Cir. 2002)**, the Court explained that the scope of the requirement of a Supreme Court declaration of retroactivity is uncertain:

> Even in this circuit, the scope of this requirement is uncertain; in other circuits, statutory cases such as this one have been treated as not involving a retroactivity issue. Rather, the courts have taken the view that a decision of the Supreme Court that gives a federal criminal statute a narrower reading than it previously had been given necessarily raises the possibility that an individual previously convicted under the broader reading now stands convicted of activity that Congress never intended to make criminal.

***Prevatte*, 300 F.3d at 800-801**. Thus, the issue of retroactivity is not as simple as respondent would have it.

Respondent cites ***Simpson v. U.S.*, 721 F.3d 875 (7th Cir. 2013)**, for the proposition that ***Alleyne*** has not been made retroactive by the Supreme Court. However, ***Simpson*** was decided in the context of a request for leave to file a successive §2255 motion under 2255(h)(2), which, of course, explicitly requires that a new rule of constitutional law has been made retroactive by the Supreme Court. ***Simpson*, 721 F.3d at 876.**

In any event, the Seventh Circuit noted that ***Alleyne*** is an extension of ***Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000)**, and the Supreme Court has not applied other rules based on ***Apprendi*** retroactively. ***Simpson*, 721 F.3d at 876.** More to the point here is that ***Simpson*** holds that "***Alleyne*** establishes a new rule of constitutional law." ***Ibid.***

Both ***Apprendi*** and ***Alleyne*** were decided on constitutional principles, i.e., the Sixth Amendment right to trial by jury and the Fourteenth Amendment right to due process. ***Apprendi*, 120 S. Ct. at 2355-2356; *Alleyne*, 133 S. Ct. at 2156.** The cases are not based on statutory construction.

Because ***Alleyne*** is a constitutional case, not a statutory interpretation case, Price does not meet the first of the ***Davenport*** requirements and he cannot bring his claim in a petition under §2241. "Because Congress may have overlooked the possibility that new and retroactive statutory decisions could support collateral review, we held in *Davenport* that for this small class of

5

situations § 2255 is 'inadequate or ineffective to test the legality of [the] detention.'" ***Taylor v. Gilkey***, 314 F.3d 832, 835 (7th Cir. 2002). See also, ***Brown v. Caraway***, 719 F.3d 583, 586 (7th Cir. 2013)(" First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.'")

### Conclusion

Mr. Price does not meet the ***Davenport*** criteria for challenging his sentence via §2241. Therefore, his §2241 petition is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: January 2, 2014.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**